UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK TRAMMELL,

                    Plaintiff,

          -against-

BESTBUY (CITIBANK),

                    Defendant.

26-CV-2244 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR IFP APPLICATION AND SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted the complaint without the filing fees or an IFP application. Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 26-CV-2244 (LTS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

Furthermore, Plaintiff submitted the complaint without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Plaintiff is directed to resubmit the signature page of the complaint with an original signature to the Court within thirty days of the date of this order. A copy of the signature page is attached to this order.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 20, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2